# CIRCUIT COURT OF LOUDOUN COUNTY

Middleburg Town Council

v.

Patricia D. Thomas
and Board of Zoning Appeals
for the Town of Middleburg

Case No. (Law) 18504

Patricia D. Thomas

v.

Board of Zoning Appeals
for the Town of Middleburg

Case No. (Law) 18506

January 17, 1997

BY JUDGE JAMES H. CHAMBLIN

On January 3, 1997, counsel argued the Motion of the Town Council to intervene in the certiorari proceeding brought by Ms. Thomas and to consolidate her proceeding with the certiorari proceeding brought by the Town Council. On January 3, 1997, each proceeding was set for hearing on April 17, 1997, at 9:00 a.m.

Each certiorari proceeding seeks a review of the same decision by the Middleburg Board of Zoning Appeals (BZA). However, the petitions set forth different reasons for challenging the BZA decision. Virginia Code § 15.1-497 mentions only the aggrieved party (the petitioner) and the board of zoning appeals in connection with the proceeding. The statute is silent on intervention. I think the reasons for the silence is because the statute sets forth a specific

procedure for an aggrieved party to follow in order to have the Court review the decision of the BZA. Allowing the Town Council to intervene would, in effect, allow it to assert reasons for the Court to reverse the BZA decision when it would not otherwise be allowed to do so because it did not seek a review by filing its own petition within the thirty-day period required by § 15.1-497.

It is difficult to understand the need of the Town Council to intervene in Ms. Thomas' proceeding. The Town Council has its own proceeding before the Court in which it can assert all its arguments for reversing the BZA decision. The pendency of Ms. Thomas' proceeding does not prevent or hinder the Town Council from presenting its case to the Court.

Ms. Whiting, the town attorney, argued that the Town Council should be allowed to intervene because it is the real party in interest and needs to defend the Town's laws. She cited no authority for this proposition. She also stated that routinely a town is allowed to intervene, but she again cited no authority. I must note that the reported appellate decisions show a board of zoning appeals as a party. Section 15.1-497 refers only to a board of zoning appeals as a party to a certiorari proceeding.

Ms. Whiting also stated that, in the last Middleburg BZA case before this judge, the Town Council intervened. That case was *Patterson v. Board of Zoning Appeals for the Town of Middleburg and Susan C. Whiting*, Law No. 11722, decided in 1991. I find no such intervention in that case.

The motion of the Town Council is, therefore, denied.

Section 15.1-497 is also silent on the consolidation of certiorari proceedings. Consolidation of cases lies within the discretion of the Court. *Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 109 (1992). If the motion is to allow both proceedings to go to trial at the same time for the convenience of the parties, counsel and witnesses, then the parties have consented to that by agreeing to set each proceeding for hearing on April 17, 1997. However, if the Town Council seeks to have the proceedings consolidated so it has some procedural or substantive right in Ms. Thomas' proceeding, the motion to consolidate is denied. Although Ms. Thomas and the Town Council seek a judicial review of the same BZA decision, the issues raised in each proceeding are not the same. I have a doubt as to the advisability of consolidation; therefore, consolidation is denied. *See Clark v. Kimnack*, 198 Va. 737, 744 (1957).

The motion of the Town Council to consolidate is denied.

Each proceeding, however, will be heard at the same time on April 17, 1997. Because there will be no jury, I think I can determine the evidence and argument applicable to each case.